WRIGHT, FINLAY & ZAK, LLP
Edgar C. Smith, Esq.
Nevada Bar No. 05506
Rock K. Jung, Esq.
Nevada Bar No. 10906
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
esmith@wrightlegal.net
rjung@wrightlegal.net
*Attorneys for Plaintiff, PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>DESERT RAIN HOLDINGS, LLC; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No.: 2:17-cv-01793-APG-PAL<br><br><br>**STIPULATION AND ORDER TO ALLOW PLAINTIFF TO AMEND ITS COMPLAINT TO ADD PARTIES** |

COMES NOW, Plaintiff, PROF-2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee (hereinafter "Plaintiff" or "U.S. Bank"), by and through its attorney, ROCK K. JUNG, ESQ., of the law firm of Wright, Finlay & Zak, LLP, and and Defendant, Desert Rain Holdings, LLC (hereinafter "Desert" or "Defendant"), by and through its counsel of record, Joseph P. Reiff, Esq., and hereby stipulate and agree as follows:

    1.  On June 29, 2017, Plaintiff filed the instant action concerning claims to the real property commonly known as 3937 Rain Flower Lane, North Las Vegas, NV 89031, APN# 124-30-611-062 (hereinafter the "Property").

*///*

2. On August 19, 2017, Defendant filed its Answer to the Complaint.

3. On September 13, 2017 the parties submitted their Proposed Joint Discovery Plan and Scheduling Order.

4. On September 29, 2017 Plaintiff propounded discovery to Defendant.

5. Plaintiff has served its initial disclosures.

6. At this time, the parties agree that Highland Hills Homeowners Association, Inc. (hereinafter "HOA") is a necessary party to the instant action and agree that Plaintiff should be permitted to amend its complaint to assert claims against the HOA.

IT IS HEREBY STIPULATED AND AGREED that Plaintiff.shall have leave to amend its pleadings in the form of a First Amended Complaint a copy of which is attached as **Exhibit 1**.

IT IS FURTHER STIPULATED AND AGREED that Plaintiff shall file its First Amended Complaint within seven (7) days of entry of the order approving this stipulation.

IT IS SO STIPULATED.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ Rock K. Jung, Esq.                          /s/ Joseph P. Reiff, Esq.

EDGAR C. SMITH, ESQ.                     JOSEPH P. REIFF, ESQ.
Nevada Bar No. 05506                         Nevada Bar No. 6469
E-Mail: esmith@wrightlegal.net           E-Mail: lvtkt3887000@gmail.com
ROCK K. JUNG, ESQ.                           3001 E. Charleston Blvd., Suite A
Nevada Bar No. 10906                         Las Vegas, Nevada 89104
E-Mail: rjung@wrightlegal.net             *Attorney For:*
7785 W. Sahara Ave., Suite 200           *Desert Rain Holdings, LLC*
Las Vegas, Nevada 89117
*Attorneys For:*
*PROF-2013-S3 Legal Title Trust,*
*U.S. Bank National Association, as Legal*
*Title Trustee*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 29, 2017

# Exhibit 1

# Exhibit 1

# Exhibit 1

WRIGHT, FINLAY & ZAK, LLP
Edgar C. Smith, Esq.
Nevada Bar No. 5506
Rock K. Jung, Esq.
Nevada Bar No. 10906
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
esmith@wrightlegal.net
rjung@wrightlegal.net
*Attorneys for Plaintiff,* PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL
ASSOCIATION, AS LEGAL TITLE TRUSTEE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>DESERT RAIN HOLDINGS, LLC; HIGHLAND HILLS HOMEOWNERS ASSOCIATION, INC.; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:   2:17-cv-01793-APG-PAL<br><br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF** |

COMES NOW Plaintiff, PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE ("Plaintiff" or "U.S. Bank"), by and through its attorneys of record, Edgar C. Smith, Esq. and Rock K. Jung, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby files this civil action against the Defendants.

## PARTIES, JURISDICTION AND VENUE

1.      The real property at issue is known as 3937 Rain Flower Lane, North Las Vegas, Nevada 89031; APN 124-30-611-062 (the "Property").

2.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all Plaintiffs are "citizens of different States" from all defendants and the amount in

controversy exceeds $75,000, exclusive of interest and costs.  This Court also has original

federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff, U.S. Bank, is asserting

civil claims arising under the Constitution, laws, or treaties of the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in this district; a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; and the Property that is the subject of this action is situated in this district, in North Las Vegas, Clark County, Nevada.

4. Plaintiff is a national banking association, with its main office located in the state of Minnesota, organized and existing under the laws of the United States.

5. Plaintiff is now and at all times relevant herein, the assigned Beneficiary under a Deed of Trust signed by Andrea Robertson ("Borrower" or "Robertson"), a single woman, and recorded on August 31, 2010, in the official records of the Clark County Recorder's Office ("Deed of Trust"), which encumbers the Property and secures a promissory note.

6. Upon information and belief, Desert Rain Holdings, LLC (hereinafter "Buyer"), is a Nevada limited liability company, licensed to do business in the State of Nevada and was named as the purchaser of the Property on a Trustee's Deed Upon Sale recorded as Book and Instrument Number 20150312-0003125 in the official records of the Clark County Recorder's Office.

7. Upon information and belief, Highland Hills Homeowners Association, Inc. (hereinafter the "HOA") is a Nevada domestic non-profit Corporation, licensed to do business in the State of Nevada, and was the HOA that foreclosed on the Property.

8. Upon information and belief, non-party, Alessi & Koenig, LLC (hereinafter "HOA Trustee") was a Nevada domestic limited-liability company licensed to do business in the State of Nevada, and acted as the foreclosure trustee, which allegedly mailed and served the foreclosure notices, if any, and cried the foreclosure sale  for the HOA

9. In accordance with NRS Chapter 38.310, Plaintiff satisfied the Nevada Real Estate Division Alternative Dispute Resolution (hereinafter, "NRED") requirement by filing a claim naming the HOA and HOA Trustee as respondents which was then served on said HOA

and HOA Trustee.  However, on November 6, 2017, the claim was closed out by NRED due to the HOA and HOA Trustee's failure to timely file a written answer within 30 days after being served.[1]

## **GENERAL ALLEGATIONS**

**10.**     On or about June 12, 2008, the Borrower purchased the Property.[2]

**11.**     The Deed of Trust executed by the Borrower identified FPF Wholesale, a division of Stearns Lending, Inc. as the Lender, Nevada Title Company as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") solely as a nominee for Lender and Lender's successors and assigns, securing a loan in the amount of $186,834.00 (hereinafter the "Robertson Loan").[3]

**12.**     On October 8, 2012, an Assignment of Deed of Trust was recorded in which all beneficial interest in the Deed of Trust was assigned to Bank of America, N.A.[4]

**13.**     On May 29, 2014, an Assignment of Deed of Trust was recorded by which Bank of America, N.A. assigned all beneficial interest in the Deed of Trust to Secretary of Housing and Urban Development.[5]

**14.**     On June 11, 2014, an Assignment of Deed of Trust was recorded by which Secretary of Housing and Urban Development by PRMF Acquisition LLC, its attorney-in-fact, by Avenue 365 Lender Services, LLC, its designee assigned all beneficial interest in the Deed of Trust to U.S. Bank, National Association, as trustee for SROF-2013-S3 REMIC Trust I.[6]

---

[1] A true and correct copy of the Closing Correspondence from NRED Division dated November 6, 2007 is attached hereto as **Exhibit 1**

[2] A true and correct copy of the Grant, Bargain, Sale Deed recorded in the official records of the Clark County Recorder's Office as Book and Instrument Number 20080702-0000560 is attached hereto as **Exhibit 2**.  All other recordings stated hereafter are recorded in the same manner.

[3] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20100831-0000266 is attached hereto as **Exhibit 3**.

[4] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20121008-0001725 is attached hereto as **Exhibit 4**.

[5] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20140529-0000168 is attached hereto as **Exhibit 5**.

[6] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20140611-0002093 is attached hereto as **Exhibit 6**.

1       **15.**     On July 20, 2015, an Assignment of Deed of Trust was recorded by which U.S.

2 Bank, National Association, as trustee for SROF-2013-S3 REMIC Trust I assigned all beneficial

3 interest in the Deed of Trust to USROF III Legal Title Trust 2015-1, by U.S. Bank National

4 Association, as Legal Title Trustee.[7]

5       **16.**     On October 21, 2016, an Assignment of Deed of Trust was recorded by which

6 U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title

7 Trustee assigned all beneficial interest in the Deed of Trust to PROF-2013-S3 Legal Title Trust,

8 by U.S. Bank National Association, as Legal Title Trustee.[8]

9       **17.**     On August 28, 2013, a Notice of Delinquent Assessment (Lien) ("HOA Lien")

10 was recorded against the Property by Alessi & Koenig, LLC (the "HOA Trustee") on behalf of

11 Highland Hills Homeowners Association (the "HOA").[9]  The HOA Trustee acted as the

12 foreclosure trustee, and allegedly mailed and served the foreclosure notices, if any, and cried the

13 foreclosure sale for the HOA.

14       **18.**     On December 10, 2013, a Notice of Default and Election to Sell under

15 Homeowners Association Lien was recorded against the Property by the HOA Trustee on behalf

16 of the HOA, stating that the amount due as of December 8, 2013 was $2,051.56.[10]

17       **19.**     On May 27, 2014, a Notice of Trustee's Sale was recorded against the Property by

18 the HOA Trustee on behalf of the HOA, stating that the amount due as of May 12, 2014 was

19 $3,174.84.[11]

20 ///

21 ///

---

[7] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20150720-0000642 is attached hereto as **Exhibit 7**.

[8] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20161021-0000980 is attached hereto as **Exhibit 8**.

[9] A true and correct copy of the Notice of Delinquent Assessment (Lien) recorded as Book and Instrument Number 20130828-0000947 is attached hereto as **Exhibit 9**.

[10] A true and correct copy of the Notice of Default and Election to Sell under Homeowners Association Lien recorded as Book and Instrument Number 20131210-0002542 is attached hereto as **Exhibit 10**.

[11] A true and correct copy of the Notice of Trustee's Sale recorded as Book and Instrument Number 20140527-0001219 is attached hereto as **Exhibit 11**.

**20.**     Upon information and belief, pursuant to the Trustee's Deed Upon Sale, a non-judicial foreclosure sale occurred on or about October 29, 2014 (hereinafter, the "HOA Sale"), whereby Buyer acquired its interest, if any, in the Property for $30,000.00.[12]

**21.**     On March 12, 2015, a Trustee's Deed Upon Sale – Corrective Trustee's Deed upon Sale Inst #201412080002918 Recording to Correct Grantee Name was recorded against the Property, naming Buyer.[13]

**22.**     The Trustee's Deed Upon Sale stated that the amount of the unpaid debt together with costs at the time of the HOA Sale was $4,199.84.

**23.**     A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

**24.**     A lender or holder of a beneficial interest in a senior deed of trust, such as Plaintiff and its predecessors-in-interest in the Deed of Trust, has a right to cure a delinquent homeowner's association lien in order to protect its interest.

**25.**     Furthermore, the Declaration of Covenants, Conditions and Restrictions for Highland Hills Homeowners Association ("CC&Rs") require reasonable notice of delinquency to all lien holders on the Property.

**26.**     Upon information and belief, the HOA and its agent, the HOA Trustee, did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168, or as required by the CC&Rs.

**27.**     A recorded notice of default must "describe the deficiency in payment."

**28.**     The above-identified Notice of Default did not properly "describe the deficiency in payment" in violation of NRS Chapter 116.

///

---

[12] A true and correct copy of the Trustee's Deed Upon Sale recorded as Book and Instrument Number 20141208-0002918 is attached hereto as **Exhibit 12**.

[13] A true and correct copy of the Trustee's Deed Upon Sale – Corrective Trustee's Deed Upon Sale Inst #201412080002918 recorded as Book and Instrument Number 20150312-0003125 is attached hereto as **Exhibit 13**.

29.     The HOA assessment lien and foreclosure notices included improper fees and costs in amount demanded.

30.     The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, what proportion whether any amount of the HOA lien included a super-priority amount.

31.     The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

32.     The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessments and the super-priority lien, if any.

33.     The HOA Sale violated Plaintiff's rights to due process because Plaintiff was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

34.     The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of defects in the notices given to Plaintiff, or its predecessors, agents, servicers or trustees, if any.

35.     Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

36.     A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

37.     Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

38.     The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

///

**39.**     Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

**40.**     The HOA Sale did not comply with NRS 116.3102 et seq. because none of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

**41.**     The HOA Sale deprived Plaintiff of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide Plaintiff notice of the correct super-priority amount, and to provide a reasonable opportunity to satisfy that amount.

**42.**     Alternatively, the sale itself was valid but Buyer took its interest subject to Plaintiff's first position Deed of Trust.

**43.**     The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

**44.**     The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, et seq. constitutes a regulatory taking of private property without adequate compensation.

**45.**     NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of a foreclosure to the holder of a first deed of trust or mortgage.

**46.**     NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage to accept tender of the super-priority amount or any amount from the holder.

///

47.     NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

48.     The HOA Sale deprived Plaintiff of its right to due process because the foreclosure notices failed to identify that an attempt to pay the super-priority amount had been made.

49.     A homeowner's association sale must be done in a commercially reasonable manner.

50.     At the time of the HOA Sale, the amount owed on the Robertson Loan exceeded $180,000.00.

51.     Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $181,000.00.

52.     The amount paid at the HOA Sale allegedly totaled $30,000.00.

53.     The HOA Sale was not commercially reasonable, and the HOA Sale was not done in good faith, in light of the sale price, and the market value of the Property, and the errors alleged above.

54.     The circumstances of the HOA Sale of the Property breached the HOA's obligations of good faith under NRS 116.1113 and its duty to act in a commercially reasonable manner.

55.     The HOA Sale by which Buyer took its interest was commercially unreasonable if it extinguished Plaintiff's Deed of Trust.

56.     In the alternative, the HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because it was not a commercially reasonable sale.

57.     Without providing Plaintiff, or its predecessors, agents, servicers or trustees, notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA Sale is commercially unreasonable and deprived Plaintiff of its right to due process.

58.     Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure under NRS 116.31162-116.31168 if the declaration or CC&Rs so provide.

59.      Upon information and belief, the HOA and the HOA Trustee failed to comply with all requirements set forth in the CC&Rs, including any mortgage protection provisions.

60.      Upon information and belief, because the recorded CC&Rs contained a Mortgagee Protection Clause, and because Plaintiff, or its predecessors, agents, servicers or trustees, were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owe, Plaintiff did not know that it had to attend the HOA Sale to protect its security interest.

61.      Upon information and belief, because the recorded CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

62.      Defendants knew that Plaintiff would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs which are of public record, and knew that Plaintiff would not know that HOA was foreclosing on super-priority amounts because of the failure of the HOA and the HOA Trustee to provide such notice.  Plaintiff's absence from the HOA Sale allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

63.      Defendants knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Plaintiff was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA and HOA Trustee improperly failed to provide such notice.  The general public's belief therefore was that a buyer at the HOA Sale would take title to the Property subject to Plaintiff's Deed of Trust.  This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

///
///

64. The circumstances of the HOA Sale of the Property breached the HOA's and the HOA Trustee's obligations of good faith under NRS 116.1113 and their duty to act in a commercially reasonable manner.

65. Upon information and belief, Buyer is in the business of buying and selling real estate and/or are otherwise professional property purchasers, and either knew or should have known of defects with the HOA Sale based on the sales price, among other factors.

66. The circumstances of the HOA Sale of the Property and the Buyer's status as a professional property purchaser prevent Buyer from being deemed a bona fide purchaser for value.

67. Upon information and belief, Buyer had actual, constructive, or inquiry notice of Plaintiff's first Deed of Trust, and the CC&Rs including the Mortgage Protection Clause which prevent Buyer from being deemed a bona fide purchaser or encumbrancer for value.

68. Upon information and belief, Buyer knew or should have known that it would not be able to obtain insurable title to the Property as a result of the HOA Sale.

69. As a direct and proximate result of the foregoing, Buyer is not entitled to bona fide purchaser protection.

70. In the event Plaintiff's interest in the Property is not reaffirmed nor restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Robertson Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendant's acts and omissions.

### FIRST CAUSE OF ACTION
**(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010)**

71. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

72. Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property and to resolve Defendant's adverse claim in the Property.

///

**73.** Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and the HOA Trustee in foreclosing the Property.

**74.** Plaintiff's Deed of Trust is the first secured interest on the Property as intended by and whose priority is protected by NRS 116.3116(2)(b).

**75.** Upon information and belief, Buyer claims an interest in the Property through the Corrective Trustee's Deed Upon Sale recorded in the official records of the Clark County Recorder's Office as Book and Instrument Number 20150312-0003125 adverse to Plaintiff's interest.

**76.** Plaintiff is the current beneficiary under the Deed of Trust and the Robertson Loan and is entitled to enforce its interest and first position status in the chain of title against Buyer, or any successor in interest, for the reasons alleged herein.

**77.** Because the CC&Rs and the Mortgage Protection Clause did not provide the HOA with authority to foreclose on the Property, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Buyer took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid, and/or should be set aside.

**78.** Because, upon information and belief, the HOA and the HOA Trustee failed to provide proper, adequate and sufficient notices required by Nevada law and the CC&Rs, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Buyer took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid, and/or should be set aside.

**79.** Based on the adverse claim being asserted by the Buyer, Plaintiff is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

**80.** A justiciable controversy exists between Plaintiff and Defendant and Plaintiff has a legally protectable interest in the controversy. The issue is ripe for judicial determination.

**81.** Upon information and belief, the Robertson Loan is a loan insured by the Federal Housing Administration ("FHA") with an assigned FHA Case Number of "332-5237429-703".

**82.**     Title or a mortgage interest in real property held by a federal agency is federal property that is protected by the United States Constitution.

**83.**     The Property Clause of the United States Constitution applies and prevents Plaintiff's interest through its Deed of Trust from being divested by the HOA Sale.

**84.**     The Supremacy Clause of the United States Constitution applies and prevents Plaintiff's interest through its Deed of Trust from being divested by the HOA Sale.

**85.**     Applying NRS Chapter 116 or other state law in a manner that extinguishes Plaintiff's Deed of Trust would violate the Property and Supremacy Clauses of the United States Constitution.

**86.**     Since the Robertson Loan is a FHA loan, it is a federally protected property interest that cannot be divested by the actions of the Nevada Legislature through NRS Chapter 116.

**87.**     Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

**88.**     For all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Plaintiff is the beneficiary of a first position Deed of Trust which still encumbers the Property.

**89.**     Based upon the foregoing, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted in violation of NRS 116.3116 *et seq.* and the CC&Rs.

**90.**     Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Plaintiff's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by Buyer through the Corrective Trustee's Deed Upon Sale, and all other parties, if any.

**91.**     In the alternative, if it is found under state law that Plaintiff's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual

Background, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the HOA Sale was void, invalid, and/or should be set aside and conveyed no legitimate interest to Buyer.

92.     Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### SECOND CAUSE OF ACTION
**(Declaratory Relief Under Amendments V and XIV
to the United States Constitution – Against Buyer)**

93.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

94.     Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

95.     On its face, NRS 116.3116 *et seq*., prior to its amendment effective October 1, 2015, violated Plaintiff's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

96.     Any purported notice provided was inadequate, insufficient, and in violation of Plaintiff's rights to due process.

97.     An actual and justiciable controversy exists between Plaintiff and Defendant regarding the purported HOA Sale and the rights associated with the HOA Sale.

98.     Without declaratory relief interpreting the constitutional validity of NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, Plaintiff's rights will be adversely affected.

99.     Plaintiff is entitled to a declaration that the purported HOA Sale conducted under NRS 116.3116 *et seq*. did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property.

///

**100.**     Based upon the foregoing, Plaintiff requests an order declaring that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted under NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, which on its face violated Plaintiff's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

**101.**     Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**THIRD CAUSE OF ACTION**
**(Quiet Title Under the Amendments V and XIV**
**to the United States Constitution – Against Buyer)**

**102.**     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**103.**     Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

**104.**     The Deed of Trust is a first secured interest in the Property.  Plaintiff owns the Deed of Trust and is beneficiary of record of the Deed of Trust.

**105.**     Buyer claims an interest in the Property through the Corrective Trustee's Deed Upon Sale adverse to Plaintiff's interest.

**106.**     On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated Plaintiff's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and thus did not extinguish the Deed of Trust. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

**107.**     Any purported notice provided was inadequate, insufficient, and in violation of Plaintiff's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

**108.**     Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination that the Deed of Trust continues to encumber the Property after the HOA Sale via the Trustee's Deed Upon Sale.

**109.** Plaintiff is entitled to a determination that the HOA Sale (and any subsequent transfers) did not convey the Property free and clear of the Deed of Trust to the Buyer at the HOA Sale, and thus that any interest acquired by Buyer is subject to the Deed of Trust.

**110.** Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**FOURTH CAUSE OF ACTION**
**(Permanent and Preliminary Injunction versus Buyer)**

**111.** Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**112.** As set forth above, Buyer may claim an ownership interest in the Property that is adverse to Plaintiff.

**113.** Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if Plaintiff's Deed of Trust still encumbered the Property in first position and was not extinguished by the HOA Sale.

**114.** Plaintiff has a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate Plaintiff for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

**115.** Plaintiff has no adequate remedy at law due to the uniqueness of the Property involved in the case.

**116.** Plaintiff is entitled to a preliminary injunction and permanent injunction prohibiting Buyer, its successors, assigns, and agents from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust.

**117.** Plaintiff is entitled to a preliminary injunction requiring Buyer to pay all taxes, insurance, and homeowner's association dues during the pendency of this action.

///

118.    Plaintiff is entitled to a preliminary injunction requiring Buyer to segregate and deposit all rents with the Court or a Court-approved trust account over which Buyer has no control during the pendency of this action.

119.    Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment versus All Defendants)**

120.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

121.    Plaintiff has been deprived of the benefit of its secured deed of trust by the actions of Defendants.

122.    Defendants have benefitted from the unlawful HOA Sale and nature of the real property.

123.    Defendants have benefitted from Plaintiff and its predecessor's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

124.    Should Plaintiff's Complaint be successful in quieting title against Buyer and the HOA or setting aside the HOA Sale, Defendants will have been unjustly enriched by the HOA Sale and the usage of the Property.

125.    Plaintiff will have suffered damages if Defendants are allowed to retain their interest in the Property and the funds received from the HOA Sale.

126.    Plaintiff will have suffered damages if Defendants are allowed to retain their interest in the Property, and enjoy the upkeep of the Property through Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

127.    Plaintiff is entitled to general and special damages, not yet liquidated.

128.    Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

## SIXTH CAUSE OF ACTION

### (Wrongful/Statutorily Defective Foreclosure versus the HOA)

**129.** Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**130.** Plaintiff, by and through its predecessors-in-interest and agent, attempted to tender the super-priority lien amount prior to the HOA Sale.

**131.** The HOA through its agent, the HOA Trustee, improperly proceeded with the HOA Sale or at the least to any extent the super-priority portion of the HOA's lien was claimed to be part of the HOA Sale.

**132.** Upon information and belief, the HOA and HOA Trustee did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

**133.** The HOA and HOA Trustee failed to provide notice pursuant to Nevada law and assure due process.

**134.** Because the HOA Sale was wrongfully conducted and violated applicable law, the Court should set aside the HOA Sale to the extent that it purports to have extinguished the first Deed of Trust and delivered title to the Property to Buyer free and clear of that Deed of Trust.

**135.** Because the HOA and HOA Trustee did not give Plaintiff, or its agents, servicers or predecessors-in-interest, the proper, adequate notice of the sale and the opportunity to cure the deficiency or default in the payment of the HOA's assessments required by Nevada statutes, the CC&Rs, and Due Process, the HOA Sale should be set aside.

**136.** The HOA assessment lien and foreclosure notices included improper fees and costs in the amount demanded, and thus, the HOA Sale was wrongfully conducted and should be set aside.

///
///
///
///

137.     As a direct and proximate result of the HOA and HOA Trustee's wrongful/statutorily defective foreclosure of the Property by the HOA Sale, as more particularly set forth above and in the General Allegations, Plaintiff suffered general and special damages in an amount not presently known.  Plaintiff will seek leave of court to assert said amounts when they are determined.

138.     If it is determined that the Deed of Trust has been extinguished by the HOA Sale as a proximate result of HOA and HOA Trustee's wrongful/statutorily defective foreclosure of the Property by the HOA Sale, Plaintiff has suffered special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Robertson Loan, plus interest, at the time of the HOA Sale, whichever is greater, in an amount not presently known or liquidated, and according to proof at trial.

139.     Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### SEVENTH CAUSE OF ACTION

### (Negligence versus the HOA)

140.     Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

141.     The HOA and HOA Trustee owed a duty to Plaintiff and subordinate lienholders to allow Plaintiff or its predecessors-in-interest and their respective agents, servicers or trustees, if any, an opportunity to protect their interest and cure the super-priority lien threatening their security interests.

142.     The HOA and HOA Trustee breached their duty by rejecting any and all attempts of Plaintiff and Plaintiff's predecessor to tender the super-priority lien amount and proceeding with the HOA Sale on the super-priority lien.

143.     The HOA and HOA Trustee breached their duty by failing to disclose the attempted payment of the super-priority portion of the lien, by failing to disclose the amount of the super-priority lien in any foreclosure notices, by failing to inform Plaintiff and Plaintiff's predecessor what they believed the super-priority amount to be, by failing to specify that it was

foreclosing on the super-priority portion of its lien as opposed to the non-super-priority portion, and by failing to provide notice that Plaintiff, Plaintiff's predecessor, and subordinate lienholders had an opportunity to cure.

144.    As an actual and proximate result of the HOA and HOA Trustee's breaches of their duties, the Deed of Trust has been threatened.

145.    As an actual and proximate result of the breaches of duties owed by the HOA and HOA Trustee, Plaintiff has incurred general and special damages.

146.    If Plaintiff is found to have lost its first security interest in the Property, it was the direct and proximate result of the HOA and HOA Trustee's breaches of their duties, and Plaintiff has thereby suffered general and special damages.

147.    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## EIGHTH CAUSE OF ACTION

### (Negligence Per Se versus the HOA)

148.    Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

149.    NRS Chapter 116 imposes a duty on homeowners associations to conduct HOA foreclosure sales in a manner that is consistent with its provisions and, by reference, the provisions of NRS 107.090.

150.    The HOA breached the statutory duties imposed by NRS Chapter 116 by proceeding with the HOA foreclosure sale; and by accepting the tendered super-priority lien amount and proceeding with the HOA Sale without notice that the successful bidder would take title subject to the Deed of Trust.

151.    The HOA violated NRS 116.31162(1)(b)(1) by failing to disclose the correct amount in deficiency.

152.    Plaintiff is a member of the class of person whom NRS Chapter 116 is intended to protect.

///

153.     The injury that Plaintiff faces – extinguishment of the Deed of Trust – is the type against which NRS Chapter 116 is intended to protect.

154.     As an actual and proximate result of the HOA's breaches of their statutory duties, the Deed of Trust is threatened.

155.     As an actual and proximate result of the HOA's breaches of their duties, Plaintiff has incurred general and special damages to bring this action, in an amount not yet liquidated.

156.     If it is determined that the Deed of Trust was extinguished, Plaintiff's loss was actually and proximately caused by the actions and inactions of the HOA and the breaches of their statutory duties, and Plaintiff has thereby suffered general and special damages, not yet liquidated

157.     Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## NINTH CAUSE OF ACTION

### (Misrepresentation versus the HOA)

158.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

159.     Plaintiff is within the class or persons or entities that the HOA intended or had reason to expect to act or to refrain from action in reliance upon the acts of its agent, the HOA Trustee.

160.     Plaintiff justifiably relied upon the HOA and its agent, the HOA Trustee, to provide information to allow for payment of the super-priority portion of the lien prior to the HOA Sale and the HOA and the HOA Trustee intended or had reason to expect their conduct would be influenced.

161.     The HOA and HOA Trustee's misrepresentations in not providing any requested super-priority information and subsequently purporting to foreclose on the super-priority portion of the lien were false or they had an insufficient basis for making the representations.

162.     The HOA had a pecuniary interest in having Plaintiff and its predecessors in interest rely on the acts of its agent, the HOA Trustee.

163.    The HOA failed to exercise reasonable care or competence in purporting to foreclose on the super-priority lien despite attempted to pay off the super-priority portion of the lien prior to the HOA Sale and its representations regarding the foreclosure were false or it had an insufficient basis for making them.

164.    Plaintiff suffered general and specific damages, not yet liquidated, as a proximate cause of its reliance.

165.    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against the Defendant as follows:

1.    For a declaration and determination that Plaintiff's interest is secured against the Property, and that Plaintiff's first Deed of Trust was not extinguished by the HOA Sale;

2.    For a declaration and determination that Buyer's interest, and any and all successors' interest, in the Property, if any, is subject to the Deed of Trust;

3.    For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Buyer;

4.    In the alternative, for a declaration and determination that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Buyer;

5.    In the alternative, for a declaration and determination that the HOA Foreclosure Sale did not extinguish the Deed of Trust because it was conducted under a statute that facially violated Plaintiff's rights to due process;

6.    For a preliminary injunction that Buyer, its successors, assigns, and agents are prohibited from conducting a sale or transfer of the Property and representing the sale is free and clear of the Deed of Trust, unless Buyer tenders payment of the debt secured by the Deed of Trust, or from encumbering the Property during the pendency of this action;

7.  For a preliminary injunction that Buyer, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action;

8.  For a preliminary injunction that Buyer, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a Court-approved trust account over which Buyer, its successors, assigns, and agents have no control during the pendency of this action;

9.  If it is determined that Plaintiff's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Robertson Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater;

10. For general and special damages;

11. For attorney's fees;

12. For costs incurred herein, including post-judgment costs; and

13. For any and all further relief deemed appropriate by this Court.

DATED this 15th day of November, 2017.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Rock K. Jung*
Edgar C. Smith, Esq.
Nevada Bar No. 5506
Rock K. Jung, Esq.
Nevada Bar No. 10906
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff,* PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE

| INDEX OF EXHIBITS | |
| --- | --- |
| **EXHIBIT NUMBER** | **DESCRIPTION** |
| #1 | |
| #2 | Grant, Bargain and Sale Deed |
| #3 | Deed of Trust |
| #4 | Assignment of Deed of Trust |
| #5 | Assignment of Deed of Trust |
| #6 | Assignment of Deed of Trust |
| #7 | Assignment of Deed of Trust |
| #8 | Assignment of Deed of Trust |
| #9 | Notice of Delinquent Assessment (Lien) |
| #10 | Notice of Default and Election to Sell Under Homeowners Association Lien |
| #11 | Notice of Trustee's Sale |
| #12 | Trustee's Deed Upon Sale |
| #13 | Corrective Trustee's Deed Upon Sale |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1: NRED Closing Letter

# Exhibit 1: NRED Closing Letter

**BRIAN SANDOVAL**
*Governor*

STATE OF NEVADA



**C.J. MANTHE**
*Director*

**SHARATH CHANDRA**
*Administrator*

**CHARVEZ FOGER**
*Ombudsman*

### DEPARTMENT OF BUSINESS AND INDUSTRY
### REAL ESTATE DIVISION
CICOmbudsman@red.nv.gov
www.red.nv.gov

November 06, 2017

**PROF-2013-S3 LEGAL TITLE TRUST**
**C/O WRIGHT FINLAY & ZAK**
**ATTN: ROCK K. JUNG, ESQ.**
**7785 WEST SAHARA AVENUE, STE. 200**
**LAS VEGAS, NEVADA  89117**

Alternative Dispute Resolution (ADR) Control #:          **18-03**

Claimant(s):          **PROF-2013-S3 LEGAL TITLE TRUST**

Respondent(s):          **HIGHLAND HILLS HOMEOWNERS ASSOCIATION INC.**
                                    **ALESSI & KOENIG LLC**

Dear PROF-2013-S3 LEGAL TITLE TRUST:

According to the Real Estate Division's records the above noted Alternative Dispute Resolution claim along with the ADR Overview form #523 and Respondent form #521 was served to the following listed respondent on the following Dates:

- HIGHLAND HILLS HOMEOWNERS ASSOCIATION INC, on July 12, 2017.
- ALESSI & KOENIG LLC, on July 12, 2017.

A response was due to the Division, based on the above listed dates the Affidavit of Service (AOS) were served, would have been 30 DAYS AFTER THE AOS SERVICES DATE, which was August 8, 2017.

Pursuant to Nevada Revised Statue (NRS) 38.320(4) "Upon being served pursuant to subsection 3, the person upon whom a copy of the written claim was served shall, within 30 days after the date of service, file a written answer with the Division, which must include a statement of whether the person wishes to have the claim referred to a program. The answer must be accompanied by a filing fee of $50".

As of the date of this letter, the Division has not received a response from any of the listed respondents.  As a result, mediation was unable to be scheduled; therefore this matter is considered closed.

Sincerely,

E. Merja

Elizabeth Meza
Administrative Assistant IV

cc:     HIGHLAND HILLS HOMEOWNERS ASSOCIATION INC.
          ALESSI & KOENIG LLC

3300 W. Sahara Avenue, Suite 350, Las Vegas, Nevada 89102-3203   Telephone:  (702) 486-4033     Fax:  (702) 486-4067
1818 E. College Parkway, Suite 110, Carson City, Nevada 89706-7986     Telephone:  (775) 684-1900     Fax:  (775) 687-4868

# Exhibit 4: Grant, Bargain, Sale Deed

# Exhibit 4: Grant, Bargain, Sale Deed



**20080702-0000560**

Fee: $16.00      RPTT: $943.50
N/C Fee: $0.00

07/02/2008          08:05:27
T20080131834
Requestor:
TICOR TITLE OF NEVADA INC

Debbie Conway            KGP
Clark County Recorder  Pgs: 4

APN No.:    124-30-611-062

---

Escrow No.: 8120536-RR

R.P.T.T:      $943.50

**Space Above for Recorder's Use Only**

### *Grant, Bargain, Sale Deed*

THIS INDENTURE WITNESSETH:  That Gwendolyn Collins, an unmarried woman

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and

Convey to   **Andrea Robertson a single woman**

all that real property situated in the County of Clark, State of Nevada, described as follows:

   SEE EXHIBIT "A" ATTACHED HERETO AND BY REFERENCE MADE A PART HEREOF

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Gwendolyn Collins

***SEE PAGE TWO (2) FOR NOTARY ACKNOWLEDGEMENT***

***NOTARY ACKNOWLEDGEMENT FOR GRANT BARGAIN SALE DEED***
Escrow No.: 8120536-RR

STATE OF NEVADA
COUNTY OF CLARK          } ss:

This instrument was acknowledged before me on _____ 6/12/08 _____ ,
by _____ Gwendolyn Collins _____

_____
NOTARY PUBLIC        Earlene Johnson

NOTARY PUBLIC
County of Clark-State of Nevada
EARLENE JOHNSON
No. 99-35595-1
My Appointment Expires Dec. 13, 2010 (Notary Seal)

NOTARY PUBLIC
County of Clark-State of Nevada
EARLENE JOHNSON
No. 99-35595-1
My Appointment Expires Dec. 13, 2010

WHEN RECORDED MAIL TO:
Andrea Robertson
**3937 Rain Flower Lane**
**North Las Vegas, NV 89031**

MAIL TAX STATEMENTS TO:
Andrea Robertson

**same as above**

EXHIBIT "A"

PARCEL I:

LOT TWENTY SEVEN (27) IN BLOCK THREE (3) OF HIGHLAND HILLS UNIT 1,
AS SHOWN BY MAP THEREOF ON FILE IN BOOK 95, OF PLATS, PAGE 51, IN
THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE AND
ENJOYMENT OF, IN TO AND OVER THOSE AREAS DELINEATED AS "PRIVATE
STREETS" AND "COMMON ELEMENTS" ON THE ABOVE REFERENCED PLAT,
AND DEFINED AS "ASSOCIATION PROPERTY" IN THE DECLARATION OF
COVENANTS CONDITIONS AND RESTRICTIONS FOR HIGHLAND HILLS
RECORDED OCTOBER 24, 2000 IN BOOK 20001024 AS DOCUMENT NO. 00244,
OFFICIAL RECORDS.

Assessor's Parcel Number: 124-30-611-062

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
1.  Assessor Parcel Number(s)
    a)  124-30-611-062
    b)  _____
    c)  _____
    d)  _____
2.  Type of Property:
    a) ☐ Vacant Land        b) ☑ Single Fam. Res
    c) ☐ Condo/Twnhse       d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg          f)  ☐ Comm'l/Ind'l
    g) ☐ Agricultural       h) ☐ Mobile Home
       ☐ Other_____

| | FOR RECORDER'S OPTIONAL USE ONLY |
|---|---|
| | Book:_____ , Page:_____ |
| | Date of Recording: _____ |
| | Notes: |

3.  Total Value/Sales Price of Property                    $185,000.00

    Deed in Lieu of Foreclosure Only (value of property)   (_____)
                                                           Transfer Tax Value:
                                                           $ 185,000 -

    Real Property Tax Due                                  $ 943.50

4.  **If Exemption Claimed:**
    a.  Transfer Tax Exemption per NRS 375.090, Section _____
    b.  Explain Reason for Exemption: _____

5.  Partial Interest: Percentage being transferred: ___100___ %
        The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
    and NRS 375.110, that the information provided is correct to the best of their information and belief, and
    can be supported by documentation if called upon to substantiate the information provided herein.
    Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
    additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.  Pursuant
    to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount
    owed.
    Signature _____   Capacity  Grantor
    Signature  Andrea Robertson         Capacity  Grantee

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: Gwendolyn Collins | Print Name: Andrea Robertson |
| Address: 3937 Rain Flower Lane | Address: 3937 Rain Flower Ln |
| City: NLV | City: NLV |
| State: NV   Zip: 89031 | State: NV   Zip: 89031 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buy)**
Print Name Ticor Title of Nevada, Inc.          Escrow #  08120536RR
Address 8379 W. Sunset Road, Suite 120
City: Las Vegas          State: NV          Zip: 89113

# Exhibit 5: Deed of Trust

# Exhibit 5: Deed of Trust

Inst #: **201008310000266**
Fees: $27.00
N/C Fee: $0.00
08/31/2010 08:04:49 AM
Receipt #: 483896
Requestor:
**NEVADA TITLE LAS VEGAS**
Recorded By: LEX   Pgs: 14
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

I hereby affirm that this document
submitted for recording does not contain
a social security number   $16-08\ 04175BV$

Signature

Print name & title   *ROBIN GREGO / ESCROW AGENT*

**APN#      124-30-611-062**

**Recording Requested By:**

**Name:      FPF WHOLESALE**

**Address:      4 HUTTON CENTRE DRIVE, SUITE 500**

**City/State/Zip:      SANTA ANA, CALIFORNIA 92707-8710**

Deed of Trust

If legal description is a metes & bounds description furnish the following information:

Legal Description obtained from _____ (type of
document), Book _____ Page _____ Document #
_____ recorded _____ (date) in the _____
County Recorder office.

If Surveyor, please provide name and address.

_____
_____

This page added to provide additional information required by NRS 111.312 Sections 1-4.
(Additional recording fee applies)
This cover page must by typed.

**NV Affirmation Cover Sheet**                                                                    **2/06**
**368C(NV)** (0602)
nvssafrm

Assessor's Parcel Number: **124-30-611-062**

Return To:
**FPF WHOLESALE**
**4 HUTTON CENTRE DRIVE, SUITE 500**
**SANTA ANA, CALIFORNIA 92707-8710**
Attn: **SHIPPING DEPT./DOC. CONTROL**
**Loan No.:**
**Broker:**
**NV License #: 1194**

Prepared By:

Recording Requested By:

———————————————— [Space Above This Line For Recording Data] ————————————————

**State of Nevada**

# DEED OF TRUST

| FHA Case No. |
| --- |

MIN:
**MERS TELEPHONE: (888) 679-6377**

THIS DEED OF TRUST ("Security Instrument") is made on **August 24, 2010**. The Grantor is **ANDREA ROBERTSON, A SINGLE WOMAN** ("Borrower"). The trustee is **NEVADA TITLE COMPANY** ("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **FPF WHOLESALE, a division of Stearns Lending, Inc.,** ("Lender") is organized and existing under the laws of the State of CALIFORNIA, and whose address is **4 HUTTON CENTRE DRIVE, SUITE 500, SANTA ANA, CALIFORNIA 92707-8710**. Borrower owes Lender the principal sum of **One Hundred Eighty Six Thousand Eight Hundred Thirty Four And 00/100** Dollars (U.S. **$186,834.00**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **September 1, 2040**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in **CLARK** County, Nevada:

FHA Deed of Trust with MERS – NV                                              Revised 4/96 Amended 2/98

4N(NV) (0809)                              Page 1 of 9                Initials:
nvfmertd

**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.**

Property Tax ID Number: **124-30-611-062**
which has the address of **3937  RAIN FLOWER LANE** [Street] **NORTH LAS VEGAS** [City], Nevada **89031**
[Zip Code] ("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."  Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

    **1.  Payment of Principal, Interest and Late Charge.**  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

    **2.  Monthly Payment of Taxes, Insurance and Other Charges.**  Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4.  In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary.  Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

    Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by

---

FHA Deed of Trust with MERS – NV                                        Revised 4/96 Amended 2/98

4N(NV) (0809)                              Page 2 of 9                        Initials: _____

RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

   **3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

   First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

   Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

   Third, to interest due under the Note;

   Fourth, to amortization of the principal of the Note; and

   Fifth, to late charges due under the Note.

   **4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

   In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

   In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

   **5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in

---

FHA Deed of Trust with MERS – NV                                Revised 4/96 Amended 2/98

4N(NV) (0809)                        Page 3 of 9               Initials: _____

default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

    **(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

        (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

        (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

---

FHA Deed of Trust with MERS – NV                       Revised 4/96 Amended 2/98

4N(NV) (0809)                     Page 4 of 9               Initials: _____

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and
(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice

---

FHA Deed of Trust with MERS – NV                                    Revised 4/96 Amended 2/98

4N(NV) (0809)                          Page 5 of 9                Initials: _____

shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall**

---

FHA Deed of Trust with MERS – NV                                        Revised 4/96 Amended 2/98

4N(NV) (0809)                              Page 6 of 9                   Initials: _____

be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

**20. Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**21. Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. **$900.00**.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

[ ] Condominium Rider        [ ] Growing Equity Rider        [ ] Other(s) [specify]
[X] Planned Unit Development Rider      [ ] Graduated Payment Rider

---

FHA Deed of Trust with MERS – NV               Revised 4/96 Amended 2/98

4N(NV) (0809)              Page 7 of 9             Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____          *Andrea Robertson*          (Seal)
                                          ANDREA ROBERTSON          -Borrower

FHA Deed of Trust with MERS – NV                    Revised 4/96 Amended 2/98

4N(NV) (0809)                    Page 8 of 9

**STATE OF NEVADA**

**COUNTY OF** _Clark_

This instrument was acknowledged before me on _august 25, 2010_ by
**ANDREA ROBERTSON,**

_Sandra L. Clark_
SANDRA L. CLARK
# 88-1652-1  exp: 2-6-13

Mail Tax Statements To:
**ANDREA ROBERTSON**
**3937 RAIN FLOWER LANE, NORTH LAS VEGAS, NEVADA  89031**

NOTARY PUBLIC
SANDRA L. CLARK
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. FEB. 6, 2013
No: 88-1652-1

FHA Deed of Trust with MERS – NV                                Revised 4/96 Amended 2/98

4N(NV) (0809)                              Page 9 of 9              Initials: _____

Escrow No.: 10-08-0417-SDV

## EXHIBIT "A"

## LEGAL DESCRIPTION

PARCEL I:

LOT TWNETY SEVEN (27) IN BLOCK THREE (3) OF HIGHLAND HILLS UNIT
1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 95, OF PLATS, PAGE 51,
IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE AND
ENJOYMENT OF, IN TO AND OVER THOSE AREAS DELINEATED AS
"PRIVATE STREETS" AND "COMMON ELEMENTS" ON THE ABOVE
REFERENCED PLAT, AND DEFINED AS "ASSOCIATION PROPERTY" IN THE
DECLARATION OF COVENANTS CONDITIONS AND RESTRICTIONS FOR
HIGHLAND HILLS RECORDED OCTOBER 24, 2000 IN BOOK 20001024 AS
DOCUMENT NO. 00244, OFFICIAL RECORDS.

**Loan No.:** ▮▮▮▮▮▮▮
**Broker:**
**NV License #: 1194**

## PLANNED UNIT DEVELOPMENT RIDER



FHA Case No.
▮▮▮▮▮▮▮

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **24th** day of **August, 2010**, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to **FPF WHOLESALE, a division of Stearns Lending, Inc.** ("Lender") of the same date and covering the Property described in the Security Instrument and located at:

**3937  RAIN FLOWER LANE, NORTH LAS VEGAS, NEVADA  89031**
[Property Address]

The Property Address is a part of a planned unit development ("PUD") known as

**HIGHLAND HILLS UNIT I**
[Name of Planned Unit Development]

**PUD  COVENANTS.**  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.    So long as the Owners Association (or equivalent entity holding title to common areas and facilities), acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property located in the PUD, including all improvements now existing or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss

FHA PUD Rider                                         989U (0806)

Page 1 of 3          Initials:

usfpud

by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B.   Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C.   If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

FHA PUD Rider                                                                    5/9U (0806)

                          Page 2 of 3                    Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_Andrea Robertson_____ (Seal)
ANDREA ROBERTSON          -Borrower

FHA PUD Rider                                   589U (0806)

Page 3 of 3

# Exhibit 6: Assignment of Deed of Trust

# Exhibit 6: Assignment of Deed of  Trust

Inst #: 201210080001725
Fees: $18.00
N/C Fee: $0.00
10/08/2012 01:04:04 PM
Receipt #: 1335345
Requestor:
CORELOGIC
Recorded By: LEX  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Recording Requested By:
**Bank of America**
Prepared By: **Danilo Cuenca**
**800-444-4302**
When recorded mail to:
**CoreLogic**
**Mail Stop: ASGN**
**1 CoreLogic Drive**
**Westlake, TX 76262-9823**

DocID#
Tax ID:    **124-30-611-062**
Property Address:
**3937 Rain Flower Ln**
**North Las Vegas, NV 89031-2059**

This space for Recorder's use

MIN #:                    MERS Phone #: 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1901 E Voorhees Street, Suite C, Danville, IL 61834** does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A.** whose address is **C/O BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063** all beneficial interest under that certain Deed of Trust described below together with the note(s) and the obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:      **FPF WHOLESALE, A DIVISION OF STEARNS LENDING, INC.**
Made By:            **ANDREA ROBERTSON, A SINGLE WOMAN**
Trustee:             **NEVADA TITLE COMPANY**
Date of Deed of Trust:  **8/24/2010**     Original Loan Amount:  **$186,834.00**

Recorded in **Clark County**, NV on: **8/31/2010**, book N/A, page N/A and instrument number **201008310000266**

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
**OCT 05 2012**

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By:
**Trisha Jackson, Assistant Secretary**

State of **California**
County of **Ventura**

On **OCT 0 5 2012** before me, **BARBARA JOYCE LOMBRANO**, Notary Public, personally appeared **Trisha Jackson**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: ~~BARBARA JOYCE LOMBRANO~~    (Seal)
My Commission Expires: ~~FEBRUARY~~ 7, 2015

> BARBARA JOYCE LOMBRANO
> Commission # 1924780
> Notary Public - California
> Los Angeles County
> My Comm. Expires Feb 7, 2015

DocID# ████████████

# Exhibit 7:   Assignment of Deed of  Trust

# Exhibit 7:   Assignment of Deed of  Trust

Inst #: **20140529-0000168**
Fees: $18.00
N/C Fee: $0.00
05/29/2014 08:02:27 AM
Receipt #: 2038736
Requestor:
**DEFAULT SERVICES - AVENUE 3**
Recorded By: MSH  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Recording Requested By:
**Bank of America, N.A.**
Prepared By: **Ralph Flores**
**800-444-4302**

When recorded mail to:
**Avenue 365 Lender Services, LLC**
**Ref: NB Assignments**
**401 Plymouth Road, Suite 500**
**Plymouth Meeting, PA 19462**

DocID#
Tax ID:    **124-30-611-062**
Property Address:
**3937 Rain Flower Lane**
**North Las Vegas, NV 89031-2059**

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:      **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FPF WHOLESALE, A DIVISION OF STEARNS LENDING, INC., ITS SUCCESSORS AND ASSIGNS**

Made By:        **ANDREA ROBERTSON, A SINGLE WOMAN**

Trustee:         **NEVADA TITLE COMPANY**

Date of Deed of Trust: **8/24/2010**    Original Loan Amount: **$186,834.00**

Recorded in **Clark County, NV** on: **8/31/2010**, book **N/A**, page **N/A** and instrument number **201008310000266**

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on **APR 04 2014**

**BANK OF AMERICA, N.A.**

By: _____
           Amparo Mayorga
           Assistant Vice President

State of **California**
County of **Los Angeles**

On **APR 04 2014** before me, **Shannon Steeg**, Notary Public, personally appeared
**Amparo Mayorga**, who proved to me on the basis of satisfactory evidence to be the person
(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

> SHANNON STEEG
> Commission # 2021493
> Notary Public - California
> Los Angeles County
> My Comm. Expires May 17, 2017

Notary Public: **Shannon Steeg**          (Seal)
My Commission Expires: **May 17, 2017**

DocID# ▮▮▮▮▮▮▮▮

# Exhibit 8: Assignment of Deed of Trust

# Exhibit 8: Assignment of Deed of  Trust

Inst #: 20140611-0002093
Fees: $18.00
N/C Fee: $25.00
06/11/2014 01:54:40 PM
Receipt #: 2053405
Requestor:
DEFAULT SERVICES - AVENUE 3
Recorded By: MSH  Pge: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

**PREPARED BY:**
Secretary of Housing and Urban
Development
451 7th Street, S.W.
Washington, D.C. 20410

WHEN RECORDED RETURN TO:
Avenue 365 Lender Services
401 Plymouth RD, Ste. 550
Plymouth Meeting, PA 19462

Parcel ID: 124-30-611-062

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, **Secretary of Housing and Urban Development**, located at 451 7th Street, S.W., Washington, D.C. 20410 ("ASSIGNOR/GRANTOR"), hereby grants, conveys, assigns to: **U.S. Bank National Association, as trustee for SROF-2013-S3 REMIC Trust I**, located at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107 ("ASSIGNEE/GRANTEE") all beneficial interest under that certain **DEED OF TRUST** dated 8/24/2010, and executed by **ANDREA ROBERTSON, A SINGLE WOMAN**, borrower(s) to: Mortgage Electronic Registration Systems, Inc., solely as nominee for FPF WHOLESALE, A DIVISION OF STEARNS LENDING, INC., as original lender, and certain instrument recorded 8/31/2010, in DOC# 201008310000266, in the Official Records of CLARK County, the State of Nevada, given to secure a certain Promissory Note in the amount of $186,834.00 covering property located at: **3937 RAIN FLOWER LANE, NORTH LAS VEGAS, Nevada 89031.** See attached "EXHIBIT A" Legal Description.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Mortgage including the right to have reconveyed, in whole or in part, the real property described therein.

Dated:  _6/6/14_

**ASSIGNOR: Secretary of Housing and Urban Development
by PRMF Acquisition LLC, its attorney-in-fact, by Avenue 365 Lender Services, LLC, its designee\***

By: _____

Name:  **Matthew Strobe**

Title:  **Authorized Signatory**

\*Power of Attorney recorded in Maricopa County, Arizona as Inst. #20140276293

State of Pennsylvania
County of Montgomery

Before me, **Carol A. Dierolf**, duly commissioned Notary Public, on this day personally appeared **Matthew Stubbe, Authorized Signatory** of **Avenue 365 Lender Services, LLC, designee for PRMF Acquisition LLC**, attorney-in-fact for Secretary of Housing and Urban Development, known to me (or proved to me on the oath of _____ or through _____ ) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _16th_ day of _June_ , 20_14_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Carol A. Dierolf, Notary Public
New Hanover Twp., Montgomery County
My Commission Expires July 25, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Notary Public's Signature

Printed Name: Carol A. Dierolf

My Commission Expires: 7/25/2017

EXHIBIT A

LEGAL DESCRIPTION

THE FOLLOWING DESCRIBED PROPERTY LOCATED IN CLARK COUNTY, NEVADA:


PARCEL I:


LOT TWENTY SEVEN (27) IN BLOCK THREE (3) OF HIGHLAND HILLS UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 95, OF PLATS, PAGE 51, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.


PARCEL II:


A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE AND ENJOYMENT OF, IN TO AND OVER THOSE AREAS DELINEATED AS "PRIVATE STREETS" AND "COMMON ELEMENTS" ON THE ABOVE REFERENCED PLAT, AND DEFINED AS "ASSOCIATION PROPERTY" IN THE DECLARATION OF COVENANTS CONDITIONS AND RESTRICTIONS FOR HIGHLAND HILLS RECORDED OCTOBER 24, 2000 IN BOOK 20001024 AS DOCUMENT NO. 00244, OFFICIAL RECORDS.

# Exhibit 9: Assignment of Deed of Trust

# Exhibit 9: Assignment of Deed of  Trust

**Inst #: 20150720-0000642**
Fees: $18.00
N/C Fee: $0.00
07/20/2015 08:01:53 AM
Receipt #: 2499942
Requestor:
**ORION FINANCIAL GROUP**
Recorded By: ANI  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

I the undersigned hereby affirm that this document submitted
for recording does not contain the social security number
of any person or persons. (Per NRS 239B.030)

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 124-30-611-062

**Assignment of Deed of Trust**    Send Any Notices to Assignee.

For Valuable Consideration, the undersigned, **U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR SROF-2013-S3 REMIC TRUST I 60 Livingston Avenue, EP-MN-WS3D, St. Paul,
MN 55107 (Assignor)** by these presents does assign and set over, without recourse, to **USROF III
LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE
TRUSTEE 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107 (Assignee)** the described deed
of trust with all interest, all liens, any rights due or to become due thereon, executed by **ANDREA
ROBERTSON, A SINGLE WOMAN** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. ("MERS") AS NOMINEE FOR FPF WHOLESALE, A DIVISION OF STEARNS LENDING, INC.
IT'S SUCCESSORS AND ASSIGNS. Trustee: NEVADA TITLE COMPANY Said deed of trust
**Dated: 8/24/2010** is recorded in the **State of NV, County of Clark on 8/31/2010, Instrument#
201008310000266 AMOUNT: $ 186,834.00**    Property Address: 3937 RAIN FLOWER LANE,
NORTH LAS VEGAS, NV 89031

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by
its proper officer. Executed on: 07/20/2015

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-S3 REMIC TRUST I

By: _[signature]_

Michael E. Wileman, Authorized Signator

ROBERTSON KDN ████

NV  Clark

State of Texas, County of Tarrant
On 07/20/2015, before me, the undersigned, Michael E. Wileman, who acknowledged that he/she is
Authorized Signator of/ for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-
S3 REMIC TRUST I and that he/she executed the foregoing instrument and that such execution was done
as the free act and deed of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-S3
REMIC TRUST I



C. LAFFERTY
MY COMMISSION EXPIRES
November 30, 2018

Notary public, C. Lafferty
My commission expires: November 30, 2018

MAIL TAX BILL TO:
ANDREA ROBERTSON, A SINGLE WOMAN Property Address: 3937 RAIN FLOWER LANE, NORTH
LAS VEGAS, NV 89031

NV   Clark

# Exhibit : : Assignment of Deed of Trust

# Exhibit : : Assignment of Deed of  Trust

Inst #: **20161021-0000980**
Fees: $18.00
N/C Fee: $0.00
10/21/2016 10:03:34 AM
Receipt #: 2908427
Requestor:
**ORION FINANCIAL GROUP**
Recorded By: OSA  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

I the undersigned hereby affirm that this document submitted
for recording does not contain the social security number
of any person or persons. (Per NRS 239B.030)

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 124-30-611-062

**Assignment of Deed of Trust**     Send Any Notices to Assignee.

For Valuable Consideration, the undersigned, **U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S.
BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE  60 Livingston Avenue, EP-
MN-WS3D, St. Paul, MN 55107 (Assignor)** by these presents does assign and set over, without recourse,
to **PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS
LEGAL TITLE TRUSTEE  60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107 (Assignee)**
the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by
**ANDREA ROBERTSON, A SINGLE WOMAN** to MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., (MERS) AS NOMINEE FOR FPF WHOLESALE, A DIVISION OF STEARNS
LENDING, INC., ITS SUCCESSORS AND ASSIGNS. Trustee:    Said deed of trust **Dated: 8/24/2010**
is recorded in the **State of NV, County of Clark on 8/31/2010, Instrument# 201008310000266**
**AMOUNT: $ 186,834.00**      Property Address: 3937 RAIN FLOWER LANE, NORTH LAS VEGAS NV
89031

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by
its proper officer. Executed on:  10/21/2016

U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL
TITLE TRUSTEE

By: _____

Michael E. Wileman, Authorized Signator

ROBERTSON

                                                                    MIN
                                            MERS Phone 888-679-6377
                          NV   Clark

State of Texas, County of Tarrant

On 10/21/2016, before me, the undersigned, Michael E. Wileman, who acknowledged that he/she is Authorized Signator of/ for U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE



C. LAFFERTY
MY COMMISSION EXPIRES
November 30, 2018

Notary public, C. Lafferty
My commission expires: November 30, 2018

MAIL TAX BILL TO:

ANDREA ROBERTSON, A SINGLE WOMAN Property Address: 3937 RAIN FLOWER LANE, NORTH LAS VEGAS NV 89031

MERS Phone 888-679-6377

NV   Clark

# Exhibit ; : Notice of Delinquent Assessment Lien

# Exhibit ; : Notice of Delinquent Assessment Lien

Inst #: 201308280000947
Fees: $17.00
N/C Fee: $0.00
08/28/2013 08:51:36 AM
Receipt #: 1749994
Requestor:
ALESSI & KOENIG LLC
Recorded By: DXI    Pgs: 1
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

When recorded return to:

**ALESSI & KOENIG, LLC**
**9500 W. Flamingo Rd., Suite 205**
**Las Vegas, Nevada 89147**
**Phone: (702) 222-4033**

**A.P.N. 124-30-611-062**                    Trustee Sale # **36490**

A-21                **NOTICE OF DELINQUENT ASSESSMENT (LIEN)**

In accordance with Nevada Revised Statutes and the Association's Declaration of Covenants, Conditions and Restrictions (CC&Rs) of the official records of **Clark** County, Nevada, **Highland Hills Homeowners Association** has a lien on the following legally described property.

The property against which the lien is imposed is commonly referred to as **3937 RAIN FLOWER LN, NO LAS VEGAS, NV 89031-2059** and more particularly legally described as: **HIGHLAND HILLS UNIT 1 LOT 27 BLOCK 3** Book **95** Page **51** in the County of **Clark**.

The owner(s) of record as reflected on the public record as of today's date is (are): **ANDREA ROBERTSON**

The mailing address(es) is: **3937 RAIN FLOWER LN, NO LAS VEGAS, NV 89031-2059**

The total amount due through today's date is: **$940.57**. Of this total amount **$875.00** represent Collection and/or Attorney fees, assessments, interest, late fees and service charges. **$65.57** represent collection costs. Note: Additional monies shall accrue under this claim at the rate of the claimant's regular monthly or special assessments, plus permissible late charges, costs of collection and interest, accruing subsequent to the date of this notice.

Date:    AUG 1 9 2013

By: _____
Huong Lam, Esq. of Alessi & Koenig, LLC on behalf of **Highland Hills Homeowners Association**

State of Nevada
County of Clark
SUBSCRIBED and SWORN to before me on    AUG 2 2 2013    by Huong Lam.

(Seal)

NOTARY PUBLIC
HEIDI A. HAGEN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAY 17, 2017
No: 13-10829-1

(Signature)

_____
NOTARY PUBLIC

# Exhibit 32: Potice of Default and Election to Sell Under Homeowners Association Lien

# Exhibit 32:   Notice of Default and Election to Sell Under Homeowners Association Lien

Inst #: 201312100002542
Fees: $17.00
N/C Fee: $0.00
12/10/2013 12:24:21 PM
Receipt #: 1868250
Requestor:
ALESSI & KOENIG, LLC
Recorded By: ARO   Pgs: 1
DEBBIE CONWAY
CLARK COUNTY RECORDER

When recorded mail to:

**THE ALESSI & KOENIG, LLC
9500 West Flamingo Rd., Ste 205
Las Vegas, Nevada 89147
Phone: 702-222-4033**

A.P.N. 124-30-611-062                      Trustee Sale No. 36490

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER HOMEOWNERS ASSOCIATION LIEN

# WARNING!   IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!

You may have the right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account. The sale may not be set until ninety days from the date this notice of default recorded, which appears on this notice. The amount due is **$2,051.56** as of the date of this notice and will increase until your account becomes current. To arrange for payment to stop the foreclosure, contact: **Highland Hills Homeowners Association**, c/o Alessi & Koenig, 9500 W. Flamingo Rd, Ste 205, Las Vegas, NV 89147, (702)222-4033.

THIS NOTICE pursuant to that certain Notice of Delinquent Assessment Lien, recorded on **August 28, 2013** as document number 0000947, of Official Records in the County of Clark, State of Nevada. Owner(s): **ANDREA ROBERTSON**, of **HIGHLAND HILLS UNIT 1 LOT 27 BLOCK 3**, as per map recorded in Book 95, Pages 51, as shown on the Plan and Subdivision map recorded in the Maps of the County of Clark, State of Nevada. PROPERTY ADDRESS: **3937 RAIN FLOWER LN, NO LAS VEGAS, NV 89031-2059**. If you have any questions, you should contact an attorney. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. REMEMBER YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT Alessi & Koenig, LLC is appointed trustee agent under the above referenced lien, dated **August 28, 2013**, on behalf of **Highland Hills Homeowners Association** to secure assessment obligations in favor of said Association, pursuant to the terms contained in the Declaration of Covenants, Conditions, and Restrictions (CC&Rs). A default in the obligation for which said CC&Rs has occurred in that the payment(s) have not been made of homeowners assessments due from **January 1, 2013** and all subsequent assessments, late charges, interest, collection and/or attorney fees and costs.

Dated:

DEC 08 2013

Huong Lam, Esq. of Alessi & Koenig, LLC on behalf of Highland Hills Homeowners Association

# Exhibit 13: Notice of Trustee Sale

# Exhibit 13: Notice of Trustee Sale

Inst #: 20140527-0001219
Fees: $17.00
N/C Fee: $0.00
05/27/2014 12:06:55 PM
Receipt #: 2036302
Requestor:
ALESSI & KOENIG, LLC
Recorded By: DXI   Pgs: 1
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

When recorded mail to:
**Alessi & Koenig, LLC**
**9500 W. Flamingo Rd., Ste. 205**
**Las Vegas, NV 89147**
**Phone: 702-222-4033**

APN: 124-30-611-062                                      TSN **36490**

# NOTICE OF TRUSTEE'S SALE

WARNING!   A SALE OF YOUR PROPERTY IS IMMINENT!   UNLESS
YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE
SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE
AMOUNT IS IN DISPUTE.  YOU MUST ACT BEFORE THE SALE DATE.
IF YOU HAVE ANY QUESTIONS, PLEASE CALL ALESSI & KOENIG
AT 702-222-4033. IF YOU NEED ASSISTANCE, PLEASE CALL THE
FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, NEVADA
REAL ESTATE DIVISION, AT 1-877-829-9907 IMMEDIATELY.

**NOTICE IS HEREBY GIVEN THAT:**

On **June 25, 2014**, Alessi & Koenig as duly appointed Trustee pursuant to a certain lien, recorded on **August 28, 2013**, as instrument number **0000947**, of the official records of **Clark** County, Nevada, WILL SELL THE BELOW MENTIONED PROPERTY TO THE HIGHEST BIDDER FOR LAWFUL MONEY OF THE UNITED STATES, OR A CASHIERS CHECK at: 2:00 p.m., at 9500 W. Flamingo Rd., Suite #205, Las Vegas, Nevada 89147 (Alessi & Koenig, LLC Office Building, 2nd Floor)

The street address and other common designation, if any, of the real property described above is purported to be: **3937 RAIN FLOWER LN, NO LAS VEGAS, NV 89031-2059**. The owner of the real property is purported to be: **ANDREA ROBERTSON**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designations, if any, shown herein.  Said sale will be made, without covenant or warranty, expressed or implied, regarding title, possession or encumbrances, to pay the remaining principal sum of a note, homeowner's assessment or other obligation secured by this lien, with interest and other sum as provided therein: plus advances, if any, under the terms thereof and interest on such advances, plus fees, charges, expenses, of the Trustee and trust created by said lien.  The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$3,174.84.** Payment must be in the form of certified funds.

Date:      MAY 1 2 2014

By: Huong Lam, Esq. of Alessi & Koenig LLC on behalf of Highland Hills Homeowners Association

# Exhibit 14: Trustee's Deed Upon Sale

# Exhibit 14: Trustee's Deed Upon Sale



Inst #: **20141208-0002918**
Fees: **$17.00** N/C Fee: **$0.00**
RPTT: **$632.40** Ex: #
12/08/2014 12:59:42 PM
Receipt #: 2244109
Requestor:
JUNES LEGAL SERVICES
Recorded By: LEX  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

When recorded mail to and
Mail Tax Statements to:
**Desert Rain Trust**
**6280 W Oquendo Road**
**Las Vegas, NV 89118**

A.P.N. No.**124-30-611-062**          TS No. **36490**

## TRUSTEE'S DEED UPON SALE

The Grantee (Buyer) herein was: **Desert Rain Trust**
The Foreclosing Beneficiary herein was: **Highland Hills Homeowners Association**
The amount of unpaid debt together with costs: $4,199.84
The amount paid by the Grantee (Buyer) at the Trustee's Sale: **$30,000.00**
The Documentary Transfer Tax: $632.40
Property address: **3937 RAIN FLOWER LN, NO LAS VEGAS, NV 89031-2059**
Said property is in [    ] unincorporated area: City of **NO LAS VEGAS**
Trustor (Former Owner that was foreclosed on): ANDREA ROBERTSON

Alessi & Koenig, LLC (herein called Trustee) as the duly appointed Trustee under that certain Notice of
Delinquent Assessment Lien, recorded **August 28, 2013** as instrument number **0000947**, in **Clark** County, does
hereby grant, without warranty expressed or implied to: **Desert Rain Trust** (Grantee), all its right, title and
interest in the property legally described as: **HIGHLAND HILLS UNIT 1 LOT 27 BLOCK 3**, as per map
recorded in Book **95**, Pages **51** as shown in the Office of the County Recorder of **Clark** County Nevada.

**TRUSTEE STATES THAT:**
This conveyance is made pursuant to the powers conferred upon Trustee by NRS 116 et seq., and that certain
Notice of Delinquent Assessment Lien, described herein. Default occurred as set forth in a Notice of Default
and Election to Sell which was recorded in the office of the recorder of said county. All requirements of law
regarding the mailing of copies of notices and the posting and publication of the copies of the Notice of Sale
have been complied with. Said property was sold by said Trustee at public auction on **October 29, 2014** at the
place indicated on the Notice of Trustee's Sale.

Huong Lam, Esq.
Signature of AUTHORIZED AGENT for **Alessi & Koenig, LLC**

State of Nevada           )
County of Clark           )

SUBSCRIBED and SWORN before me    NOV 0 5 2014        by Huong Lam

WITNESS my hand and official seal.
(Seal)                                            (Signature)

NOTARY PUBLIC
HEIDI A. HAGEN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAY 17, 2017
No: 13-10829-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 124-30-611-062
   b. _____
   c. _____
   d. _____
2. Type of Property:
   a. ☐ Vacant Land   b. ☑ Single Fam. Res.
   c. ☐ Condo/Twnhse  d. ☐ 2-4 Plex
   e. ☐ Apt. Bldg     f. ☐ Comm'l/Ind'l
   g. ☐ Agricultural  h. ☐ Mobile Home
      ☐ Other

   | FOR RECORDERS OPTIONAL USE ONLY |
   |---|
   | Book_____ Page:_____ |
   | Date of Recording:_____ |
   | Notes: |

3.a. Total Value/Sales Price of Property        $ 30,000.00
   b. Deed in Lieu of Foreclosure Only (value of property (                    )
   c. Transfer Tax Value:                        $ 123,974.00
   d. Real Property Transfer Tax Due             $ 632.40

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section_____
   b. Explain Reason for Exemption: _____
   _____

5. Partial Interest: Percentage being transferred: 100  %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____   Capacity: Grantor _____

Signature _____   Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: Alessi & Koenig, LLC | Print Name: Desert Rain Trust |
| Address:9500 W. Flamingo Rd., Ste. 205 | Address: 6280 W Oquendo Road |
| City:Las Vegas | City: Las Vegas |
| State: NV        Zip: 89147 | State:NV        Zip:89118 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| Print Name: Alessi & Koenig, LLC | Escrow # N/A Foreclosure |
|---|---|
| Address: 9500 W. Flamingo Rd., Ste. 205 | |
| City: Las Vegas | State:NV        Zip: 89147 |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# Exhibit 15: Corrective Trustee's Deed Upon Sale

# Exhibit 15: Corrective Trustee's Deed Upon Sale



Inst #: **20150312-0003125**
Fees: $17.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #003
03/12/2015 02:22:44 PM
Receipt #: 2345595
Requestor:
**DESERT RAIN HOLDINGS LLC**
Recorded By: MJM    Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

When recorded mail to and
Mail Tax Statements to:
**Desert Rain Holdings, LLC**
**6280 W Oquendo Road**
**Las Vegas, NV 89118**

A.P.N. No. **124-30-611-062**          TS No. **36490**

### TRUSTEE'S DEED UPON SALE
**Corrective Trustee's Deed Upon Sale Inst #201412080002918**
**Recording to Correct Grantee Name**

The Grantee (Buyer) herein was: **Desert Rain Holdings, LLC**
The Foreclosing Beneficiary herein was: **Highland Hills Homeowners Association**
The amount of unpaid debt together with costs: $4,199.84
The amount paid by the Grantee (Buyer) at the Trustee's Sale: **$30,000.00**
The Documentary Transfer Tax: $632.40
Property address: **3937 RAIN FLOWER LN, NO LAS VEGAS, NV 89031-2059**
Said property is in [   ] unincorporated area: City of **NO LAS VEGAS**
Trustor (Former Owner that was foreclosed on): **ANDREA ROBERTSON**

Alessi & Koenig, LLC (herein called Trustee), as the duly appointed Trustee under that certain Notice of
Delinquent Assessment Lien, recorded **August 28, 2013** as instrument number **0000947**, in **Clark** County, does
**hereby grant, without warranty expressed or implied to: Desert Rain Holdings, LLC** (Grantee), all its right, title
and interest in the property legally described as: **HIGHLAND HILLS UNIT 1 LOT 27 BLOCK 3**, as per map
recorded in Book 95, Pages **51** as shown in the Office of the County Recorder of **Clark** County Nevada.

**TRUSTEE STATES THAT:**
This conveyance is made pursuant to the powers conferred upon Trustee by NRS 116 et seq., and that certain
Notice of Delinquent Assessment Lien, described herein.  Default occurred as set forth in a Notice of Default
and Election to Sell which was recorded in the office of the recorder of said county.  All requirements of law
regarding the mailing of copies of notices and the posting and publication of the copies of the Notice of Sale
have been complied with.  Said property was sold by said Trustee at public auction on **October 29, 2014** at the
place indicated on the Notice of Trustee's Sale.

Huong Lam, Esq.
Signature of AUTHORIZED AGENT for Alessi & Koenig, LLC

State of Nevada        )
County of Clark        )

SUBSCRIBED and SWORN before me    FEB 2 0 2015    by Huong Lam

WITNESS my hand and official seal.
(Seal)                                                    (Signature)

NOTARY PUBLIC
HEIDI A. HAGEN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. MAY 17, 2017
No: 13-10829-1

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 124-30-611-062
   b. _____
   c. _____
   d. _____

2. Type of Property:
   | | | | |
   |---|---|---|---|
   | a. ☐ Vacant Land | b. ☑ Single Fam. Res. | | **FOR RECORDERS OPTIONAL USE ONLY** |
   | c. ☐ Condo/Twnhse | d. ☐ 2-4 Plex | | Book_____ Page:_____ |
   | e. ☐ Apt. Bldg | f. ☐ Comm'l/Ind'l | | Date of Recording: _____ |
   | g. ☐ Agricultural | h. ☐ Mobile Home | | Notes: |
   | ☐ Other | | | |

3. a. Total Value/Sales Price of Property                           $ 0.00
   b. Deed in Lieu of Foreclosure Only (value of property) ( _____ )
   c. Transfer Tax Value:                                           $ 0.00
   d. Real Property Transfer Tax Due                                $ 0.00

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section 3 _____
   b. Explain Reason for Exemption: *Recording Corrective Trustee's Deed Upon Sale*
      *Inst #201412080002918, To Correct Grantee Name*

5. Partial Interest: Percentage being transferred: 100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060
and NRS 375.110, that the information provided is correct to the best of their information and belief,
and can be supported by documentation if called upon to substantiate the information provided herein.
Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of
additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant
to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____          Capacity: Grantor _____

Signature _____          Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| **(REQUIRED)** | **(REQUIRED)** |
| Print Name: Alessi & Koenig, LLC | Print Name: Desert Rain Holdings, LLC |
| Address:9500 W. Flamingo Rd., Ste. 205 | Address: 6280 W Oquendo Road |
| City: Las Vegas | City: Las Vegas |
| State: NV          Zip: 89147 | State:NV          Zip:89118 |

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**

| | |
|---|---|
| Print Name: Alessi & Koenig, LLC | Escrow # N/A Foreclosure |
| Address:9500 W. Flamingo Rd., Ste. 205 | |
| City: Las Vegas | State:NV          Zip: 89147 |

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED